Trustees of Wichita School District v. B. F. Hickey.

(No. 5204.)

Appeal from Wichita County.   Opinion by White, P. J.

Wm. W. Flood, counsel for appellants.

R. Cobb and L. T. Miller, counsel for appellee.

§ 280. *Contract of employment to teach school; construction of a letter claimed as a; case stated.*   Appellee sued appellants upon an alleged contract to recover $333.33½ balance claimed to be due him for services as a school teacher.   He recovered judgment for said amount and costs.   The alleged contract upon which he sued was a letter written to him by one Mayfield, who was a trustee of the board of trustees of the school district in which appellee rendered services as a teacher.   Said letter is as follows:

                              "June 5, 1885.
"Mr. B. F. Hickey, Houston, Tex.— *Dear Sir:—* I have never had a meeting of our school board, but am satisfied that a majority of the board favor you, and you

may rest assured of the place if you wish it. Let me know if you will take the place. *You know the salary, 83 per month, 1,000 per year.* I am just leaving this morning; will be absent one week.

"Very truly yours,

"J. S. MAYFIELD."

Appellee alleged that he accepted the proposition contained in said letter, and that the board of trustees ratified said contract, etc. *Held:* Conceding that the letter evidences the terms of the contract under which Hickey rendered services, it shows his employment was by the month at $83 per month, or if for a year, the salary was to be $1,000. At a meeting of the board of trustees to consider of his employment, said board agreed to employ him for eight months at $83.33½ per month, and it was so entered and recorded in the minutes of the meeting. When he had served his first month, and demanded of the secretary of said board his warrant for his pay, the secretary delivered to him a warrant for $83.33½. Hickey claimed that the warrant should be for $111 — one month's pay at the rate of $1,000 per year for a scholastic year of nine months. The secretary called his attention to the action of the board as recorded in the minutes. Hickey accepted said warrant for $83.33½, and each month thereafter for the eight months that he taught, he received a similar warrant, receiving in all for his services $666.66⅔. Mayfield testified that he had no authority from the board to write the letter claimed by Hickey as a contract, and that in his conversations with Hickey he supposes he told him that his salary would be $83.33⅓ per month. *Held:* If the evidence discloses any contract at all, it is one for $83.33⅓ per month. If it was one for one year of twelve months at $1,000, it would still be at the rate of $83.33⅓ per month. This is the only reasonable construction that we can give to Mayfield's letter. Nothing is mentioned in the letter about a scholastic year of nine months. We think the evidence shows that appellant had received full pay under the contract for his services,

and that he has no cause of action for the amount sued for and recovered by him, or any part thereof.

April 20, 1887.                    Reversed and remanded.